**SO ORDERED.**

**SIGNED this 18th day of June, 2025.**



_____
Mitchell L. Herren
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

| IN RE:<br><br>CONTINENTAL AMERICAN<br>CORPORATION<br><br>DEBTOR. | Case No. 23-10938-MLH<br>Chapter 11 |
|---|---|

### ORDER APPROVING CONTINENTAL AMERICAN CORPORATION'S FIRST AMENDED DISCLOSURE STATEMENT AND CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION, *AS MODIFIED*

This matter came before the Court on the 12th day of June 2025 for hearing on the First Amended Disclosure Statement, Doc. No. 594 ("Disclosure Statement") and the Firs Amended Chapter 11 Plan of Liquidation, Doc. No. 595 ("Plan"), both filed by Continental American Corporation ("Debtor") on April 23, 2025. Debtor appeared through counsel David Prelle Eron and by its CEO, Dan Flynn. The U.S. Trustee (the "UST") appeared through counsel Jordan M. Sickman. The Committee of Unsecured Creditors (the "Committee") appeared through counsel Sharon L. Stolte. Ira L. Herman and Andrew J. Nazar appeared on behalf of White Oak Commercial Finance, LLC ("White Oak"). Eric Lomas appeared on behalf of TierPoint, LLC. There were no other appearances. After hearing statements of counsel, receiving the proffer by Debtor's counsel,

and considering the record herein, the Court makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction over the Debtor's Chapter 11 case. 28 U.S.C. §§ 157, 1334. Venue is proper. 28 U.S.C. §§ 1408, 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and the Court has exclusive jurisdiction to determine whether the Disclosure Statement contains adequate information and should be approved and whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. On April 23, 2025, the Debtor filed its Plan and Disclosure Statement, which identifies the Debtor as the proponent in compliance with Bankruptcy Rule 3016(a).

3. Debtor, on April 24, 2025, did distribute the Plan and Disclosure Statement and ballot conforming to Official Form 14 to all holders of claims and interests and other parties in interest in accordance with Federal Rule of Bankruptcy Procedure 3017(d) and filed certification of such distribution with the Court on April 24, 2025 at Doc. No. 597.

4. The Court fixed June 5, 2025 as the last date for filing objections to the Plan and Disclosure Statement, Doc. No. 596. One Objection to the Plan was filed, that of the UST, Doc. No. 605. That objection is resolved by the terms of this Order.

5. Debtor's Disclosure Statement contains adequate information within the meaning of 11 U.S.C. § 1125. There were no objections to the Disclosure Statement.

6. On June 9, 2025, Debtor filed its Certificate of Voting on Debtor's Plan. The Certificate reflected that thirty-one (31) ballots (including withdrawn ballots, but not including replacement ballots), were received by Debtor's counsel before the filing of the Certificate. Twenty-one (21) ballots were cast accepting the Plan (three of them in two classes); of which three

had no indication of a Class, and two had written "Priority Secured" for the Class. Four (4) ballots were cast rejecting the Plan (one of them in two classes), plus another five (5) rejecting ballots that were subsequently amended or withdrawn; of which one ballot from Renne Fink incorrectly listed both Class 3 and Class 6—determined by Debtor to be Classes 4 and 6. Two (2) ballots were received without indication of acceptance or rejection, as follows: Antonio Nelson, Class 6—No Claim Filed; and TK Innovations, Inc., No Class Chosen—No Claim Filed. The Court finds that votes for the ballots without indication of acceptance or rejection are invalid and were not counted by the Debtor. Votes were cast in Classes 2, 4, 5, and 6. All classes received more than 50% of the allowed number of ballots cast accepting the Plan. Classes 2, 4, and 5 received more than 2/3 of the allowed dollar amount of the ballots cast accepting the Plan. Class 6 received less than 2/3 of the allowed dollar amount of the ballots cast accepting the Plan. Based upon this determination, the Court finds that Classes 2, 4, and 5 have accepted the Plan, while Class 6 has rejected the Plan.

7. The Plan, as modified herein, complies with all the provisions of 11 U.S.C. § 1129(a).

8. The Plan has been proposed in good faith and not by any means forbidden by law.

9. Any payment made or to be made by the Debtor as proponent of the Plan or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been disclosed to the Court and is reasonable; any such payment to be fixed after confirmation of the Plan is subject to the approval of the Court as to its reasonableness.

10. The Debtor will have no operations following the confirmation of the Plan.

11. With respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive and retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy code on such date.

12. The Plan provides that with respect to claims of a kind specified in § 507(a), the holders of such claims will receive on account of such claims payment of cash as and when available in the order of priority set forth in §507(a).

13. At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider.

14. The Plan is a liquidation plan, the Debtor has provided an adequate means for the Plan's implementation, and the Plan is otherwise feasible.

15. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of §5 of the Securities Act of 1933 (15 U.S.C. §§ 77e).

16. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees of and after the Effective Date.

17. The Debtor has not obligated itself to provide retiree benefits, as that term is defined in 11 U.S.C. § 1114, consequently, Section 1129(a)(13) of the Bankruptcy Code does not apply.

THEREFORE, IT IS

ORDERED that the Disclosure Statement is hereby APPROVED.

FURTHER ORDERED that the Plan is hereby CONFIRMED as modified herein.

FURTHER ORDERED that Plan is modified as follows:

a. Plan ¶1.70 shall read as follows: "Rejection Claim Bar Date" shall mean the date that is thirty (30) days after the Confirmation Date.

b. Plan ¶2.2 shall read as follows: Post-Closing Fee Claims and White Oak Claim. Post-Closing Fee Claims and the White Oak Claim are not classified in the Plan. The treatment of Post-Closing Fee Claims and the White Oak Claim and consideration to be received by each holder of Post-Closing Fee Claims and White Oak Claim is set forth in Article IV of the Plan.

c. Plan ¶ 8.4 shall read as follows: Effect of Failure of Condition. In the event that the condition specified in Article 8.2(c) of the Plan has not occurred or been waived on or before sixty (60) days after the Confirmation Date, the Confirmation Order may be vacated upon the grounds set forth in 11 U.S.C. Section 1144 or Fed. R. Bankr. Proc. 7059 and/or 7060.

d. Plan ¶ 10.7 shall read as follows: Injunction: Except as otherwise provided in the Plan or an order of the Bankruptcy Court, on and after the Confirmation Date and until the case is closed, all Persons and Entities who have held, hold or may hold Liens against, Claims against, or Interests in Debtor are, with respect to any such Liens, Claims or Interests, enjoined, from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting Debtor, the Estate, the Liquidating Trust, or the Liquidating Agent, or any of their property; (b) enforcing, levying, attaching (including, without limitation,

any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, of any judgment, award, decree or order against Debtor, the Estate, the Liquidating Trust, or the Liquidating Agent, any of their property; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against Debtor, the Estate, the Liquidating Trust, or the Liquidating Agent, or any property of the foregoing Entities; (d) asserting any right of setoff or subrogation of any kind, directly or indirectly, against any obligation due Debtor, the Estate, the Liquidating Trust, or the Liquidating Agent, or any of their property; and (e) asserting any claims held by or that could have been asserted by the Debtor, the Estate, the Liquidating Trust, or the Liquidating Agent; and (f) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan, provided that nothing herein enjoins Buyers from enforcing any rights under the Asset Purchase Agreement

e. Plan ¶ 10.8 shall read as follows: Exculpation: Except as otherwise provided by the Plan or the Confirmation Order, on the Effective Date, Debtor, the Estate, the Committee, the members of the Committee in their representative capacities, and/or, to the extent that the following were acting on behalf of such parties in their capacity as Estate representatives during the applicable time frame, any of such parties' respective current or former members, officers, directors, employees, attorneys, or agents and any of such parties' successors and assigns (collectively, the "Released Parties") shall be deemed released by each of them against the other, and by all holders of Claims or Interests, of and from any claims, obligations, rights, causes of action and liabilities for

any act or omission occurring during between the Petition Date and the Effective Date of the Chapter 11 Case, including, without limiting the generality of the foregoing, all sales of Property, the Disclosure Statement, the pursuit of approval of the Disclosure Statement, the pursuit of Confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which constitute willful misconduct, gross negligence, breach of fiduciary duty, or intentional fraud. For the avoidance of doubt, nothing contained in the Plan or Liquidating Trust Agreement shall be deemed a release or waiver of any Claims or Remaining Actions Debtor or the Estate may hold against Debtor's members, directors, officers, employees, insiders, or affiliates, provided nothing exculpates any claims or rights of Buyers to enforce the Asset Purchase Agreement, including but not limited to any representations and warranties made therein.

f.  Liquidating Trust ¶ 6.1(d) shall read as follows: Neither White Oak, the Buyers or any of their counsel or agents shall be obligated or responsible for prosecution of any Remaining Actions, or the costs or expenses of any Remaining Actions. Upon reasonable request by the Liquidating Trustee and provided that White Oak and/or Buyers are compensated for their reasonable costs and expenses in doing so, White Oak and/or Buyers shall employ reasonable commercial efforts to provide any of the requested readily accessible Debtor books and records in its current possession to the Liquidating Trustee, further provided neither White Oak nor Buyers shall be obligated to do an ESI production.

g. Nothing in the Plan or this Confirmation Order shall relieve the Debtor from its obligation for payment of quarterly fees to the United States Trustee under 28 U.S.C. 1930(a)(6) until such time as the case is closed, converted, or dismissed, provided nothing herein shall obligate White Oak or Buyers to pay such fees and costs.

FURTHER ORDERED that Debtor, counsel for Debtor, and the Liquidating Trustee are authorized to take all reasonable actions necessary to carry out the provisions of the Plan and this Order.

FURTHER ORDERED that The Court shall retain jurisdiction of this case pursuant to the provisions of the Bankruptcy Code until the proceedings are closed. If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction or is otherwise without jurisdiction over any matter arising out of this proceeding, this provision shall have no effect upon and shall not control, prohibit or limit the exercise of any jurisdiction by any other court having jurisdiction with respect to such matter.

### IT IS SO ORDERED.

### ###

**Submitted by:**

PRELLE ERON & BAILEY, P.A.
Attorneys for Debtor

*/s/ David Prelle Eron*
DAVID PRELLE ERON, #23429
301 N. Main St., Suite 2000
Wichita, KS 67202
316-262-5500 / 316-262-5559 (fax)
david@eronlaw.net

**Approved by:**

POLSINELLI PC

*/s/ Andrew J. Nazar*
ANDREW J. NAZAR (KS #22381)
900 West 48th Place, Suite 900
Kansas City, Missouri 64112
(816) 753-1000
anazar@polsinelli.com

and

BLANK ROME LLP

*/s/ Ira. L. Herman*
IRA L. HERMAN, *admitted pro hac vice*
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5052
ira.herman@blankrome.com

Attorneys for Creditor White Oak Commercial Finance, LLC

SANDBERG PHOENIX & von GONTARD P.C.
Attorneys for the Committee

*/s/ Sharon L. Stolte*
Sharon L. Stolte, #14302
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
Telephone: 816.425.9686
sstolte@sandbergphoenix.com

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

*/s/ John W. Nemecek*
JOHN W. NEMECEK
Admitted in Michigan, P71371
Appearing under 28 U.S.C. § 515(a)
301 North Main Street, Suite 1150
Wichita, KS 67202
Telephone: (202) 557-5810
Email: john.nemecek@usdoj.gov